UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEI TONG, A-246-426-441,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 2:26-cv-01055-DC-EFB<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Pending before the court is petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241. Because petitioner has since been removed from the United States, the undersigned recommends the petition be dismissed as moot.

**BACKGROUND**

Petitioner, a Chinese national, initiated this action seeking habeas corpus relief under 28 U.S.C. § 2241, on March 23, 2026, alleging that he was unlawfully held in the custody of Immigration and Customs Enforcement. ECF No. 1. In his petition, petitioner alleged that his detention by respondent was unjustified and violated his rights to due process under the Fifth Amendment. *Id*. at 4-6. As relief, petitioner sought immediate release from custody or, in the alternative, that the court order respondent to provide him a bond hearing. *Id*. at 6-7.

On March 23, 2026, petitioner moved for a temporary restraining order. ECF No. 2. On March 27, 2026, respondent filed an answer to the petition and opposition to the motion for

temporary restraining order, in which he represented that petitioner was subject to a final order of removal and the Department of Homeland Security was, at that time, seeking travel documents to effectuate petitioner's removal. ECF Nos. 6-7. On April 24, 2026, the court denied the motion for temporary restraining order and directed respondent to file a status report by May 1, 2026 indicating whether petitioner had been removed. ECF No. 9. On April 28, 2026, respondent filed a status report stating that petitioner had been removed to China on April 11, 2026. ECF No. 10.

**DISCUSSION**

Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perr*y, 570 U.S. 693, 705 (2013). This requirement extends through the life of the case; a case must be dismissed if it becomes moot at any state. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997); *City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982). In a habeas corpus action challenging immigration detention, the case becomes moot if the petitioner is deported, unless the petitioner alleges he will suffer some form of adverse collateral consequence in addition to deportation from the harms alleged in the petition. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007); *Zegarra-Gomez v. I.N.S.*, 314 F.3d 1124, 1127 (9th Cir. 2003).

Here, the petition challenged only petitioner's pre-removal detention as violative of his constitutional rights. ECF No. 1 at 4-6. Because petitioner has been removed to China, however, his claims challenging the lawfulness of his pre-removal detention have become moot. *See Abdala*, 488 F.3d at 1064-65. The petition alleged no collateral consequences that would be redressed by a ruling in his favor. *See id.*; *see also* ECF No. 1. Because there is no extant controversy on which the court can act, the undersigned recommends the petition be dismissed. *See Abdala*, 488 F.3d at 1065.

**CONCLUSION**

Accordingly, it is RECOMMENDED that the Petition for Writ of Habeas Corpus (ECF No. 1) be DISMISSED as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 12, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE